UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE BURCH STABLER                              CIVIL ACTION

VERSUS                                          NO: 10-3383

UNITED STATES OF AMERICA                        SECTION: B(5)

ORDER AND REASONS

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 7) is **GRANTED** for the following reasons.

A.   Standards of Review

The United States seeks dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss an action if the Court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof in a Rule 12(b)(1) motion falls on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss under 12(b)(1) requires that the Court only examine whether it has jurisdiction to hear the case; it does not call for intrusion into the merits of the claim. *Bell v. Hood*, 327 U.S. 678, 682 (1946). Once the Court determines that there is a lack of subject matter jurisdiction, dismissal is appropriate.

When reviewing a motion to dismiss under Fed. R. Civ. P.

1

12(b)(6), courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. Iqbal, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions "must be supported by factual allegations." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  The plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

**B.   Plaintiff's Wrongful Levy Claim**

The United States argues that this Court is without jurisdiction to hear Plaintiff's wrongful levy claim, as the Ono property was sold pursuant to a district court order in a lien foreclosure action, not pursuant to an administrative levy by the IRS, and therefore a wrongful levy action is inapplicable here. While this Court is unaware of any decision that has addressed this exact issue, after reviewing cases that have distinguished the lien foreclosure action under § 7403 from the administrative levy procedure and examined the purposes of wrongful levy actions, this Court finds that Plaintiff's wrongful levy claim cannot be maintained.

The United States Supreme Court has recognized that a federal tax lien is not self-executing. *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985).  Accordingly, the Internal Revenue Code contains a number of collection devices, with the principal methods being the lien foreclosure action, which is governed by 26 U.S.C. § 7403, and the administrative levy, governed by 26 U.S.C. § 6331.  *National Bank of Commerce,* 472 U.S. at 720;

*United States v. Rodgers*, 461 U.S. 677, 699 (1983).

26 U.S.C. § 7403(a) provides that the Government may file a civil action in a federal district court to enforce its lien or to "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." Section 7403(b) requires that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." The district court is then required by § 7403(c) to "adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and...distribut[e] [] the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

The administrative levy procedure is governed by 26 U.S.C. § 6331(a), which provides that the Government, in seeking to collect unpaid taxes, may "levy upon all [non-exempt] property and rights to property belonging to [the delinquent taxpayer] or on which there is a lien provided in this chapter for the payment of such tax." Section 6331(b) explains that the term "levy" includes the power of distraint and seizure by any means. Section 6331(d) requires the Secretary to provide notice to the delinquent taxpayer, in writing, of his intent to levy no less than 30 days before the day of the levy. An administrative levy is a provisional remedy, which does not require judicial intervention;

4

indeed, among its advantages is that it is quick and relatively inexpensive. *National Bank of Commerce,* 472 U.S. at 721; *Rodgers*, 461 U.S. at 699.

26 U.S.C. § 7426 allows for third parties whose property or interest in property has been "wrongfully levied upon" to bring a civil action against the United States in a federal district court, "without regard to whether such property has been surrendered to or sold by the Secretary." 26 U.S.C. § 7426(a). Plaintiff argues here that because the term "levy" includes any forced taking, distraint, or seizure by the Government, her wrongful levy claim challenging the United States' collection method regarding Mr. Stabler's debts should not be dismissed.

In *United States v. Rodgers*, the issue before the United States Supreme Court was whether § 7403 empowered a federal district court to order the sale of a family home in which not only the delinquent taxpayer had an interest, but in which the taxpayer's spouse, who did not owe any of the indebtedness, also had an interest, namely a separate "homestead" right under Texas law. 461 U.S. at 681. In support of its conclusion that a federal district court did indeed have such authority, the Court compared the language of § 7403 with the statutory language providing for the administrative levy remedy, § 6331. *Id.* at 696. The Court noted that unlike § 7403, § 6331 does not require notice and hearing for third parties, because "no rights of third parties are

intended to be implicated by § 6331." *Id.* The Court continued, "[i]ndeed, third parties whose property or interests in property have been seized inadvertently are entitled to claim that the property has been 'wrongfully levied upon,' and may apply for its return either through administrative channels, 26 U.S.C. § 6343(b), or through a civil action filed in a federal district court, § 7426(a)(1)." The Court further pointed out that absent a wrongful levy claim, the entire proceeds of a sale conducted pursuant to an administrative levy can be applied to the expenses of the levy and sale and the tax liability of the seized property and delinquent taxpayer, without the prior distribution to the other interested parties as required under § 7403. *Id.* The *Rodgers* Court additionally stated that while "[t]he provisions of § 7403 are broad and profound[; n]evertheless, § 7403 is punctilious in protecting the vested rights of third parties caught in the Government's collection effort, and in ensuring that the Government not receive out of the proceeds of the sale any more than that to which it is properly entitled." *Id.* at 699.

In *United States v. National Bank of Commerce*, the United States Supreme Court addressed the issue of whether the IRS had a right to levy on joint accounts for delinquent federal income taxes owed by only one of the persons whose name was on the account. 472 U.S. at 715. In reiterating the distinction made in *Rodgers* between § 7403 and § 6331, the Court further stated that the

*Rodgers* Court:

> recognized what we now make explicit: that § 6331 is a *provisional* remedy, which does not determine the rights of third parties until *after* the levy is made, in postseizure administrative or judicial hearings...The reason that § 6331 is not itself 'punctilious in protecting the vested rights of third parties caught in the Government's collection effort,' is that the levy does not purport to determine any rights to the property. It merely protects the Government's interests so that rights to the property may be determined in a postseizure proceeding. It is in those proceedings that the rights of any who claim an interest to the property are punctiliously protected.

*Id.* at 731 and n.15 (citing *Rodgers*, 461 U.S. at 699). The Court then noted that "[a] more telling comparison to the lien foreclosure action of § 7403 would be with the administrative and judicial remedies for third parties whose property has been subject to wrongful levy, that is, with §§ 6343(b) and 7426(a)(1)." *Id.* at n.15.

As set forth above, by requiring all persons with an interest in the property to be named parties in a lien foreclosure action, and further requiring the district court to adjudicate and finally determine their claims, an action under § 7403 adequately protects any vested rights of third parties in the property at issue. A wrongful levy action is therefore only applicable when the rights of a party claiming an interest in the property have not been determined, which is not the situation in the case at bar. The proper forum for Plaintiff's arguments concerning the existence of the lien on the Ono property and her rights therein was in the lien

foreclosure action in the United States District Court for the Southern District of Alabama and not by way of a wrongful levy action in the instant lawsuit.

This Court would further note that the statutory language of § 7426 and the cases to which Plaintiff refers are not inconsistent with its ruling here.  The last sentence of § 7426, i.e., "[s]uch action may be brought without regard to whether such property has been surrendered to or sold by the Secretary," has been interpreted to focus on whether the property has actually been surrendered or sold, and not to whom or by whom, whether the IRS or otherwise, as Plaintiff argues.  *See Texas Commerce Bank-Fort Worth v. United States*, 896 F.2d 152, 156 (5th Cir. 1990).  Additionally, none of the cases relied upon by Plaintiff involve a lien foreclosure action, much less the filing of a wrongful levy action to challenge an allegedly improper § 7403 proceeding.  *See EC Term of Years Trust v. United States*, 550 U.S. 429 (2007); *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir. 1985); *Bank of Nebraska in LaVista v. United States*, 949 F.2d 262 (8th Cir. 1991); *Miller v. United States*, 921 F.Supp 494 (N.D. Ohio 1996).

## C. Plaintiff's Refund Claim

Plaintiff asserts a refund claim, pursuant to *United States v. Williams*, 514 U.S. 527 (1995), of all taxes erroneously or illegally collected by the United States from the sale of the Ono

property. Rec. Doc. No. 1, at 8. In *Williams*, the United States Supreme Court allowed a third party to bring a refund action under § 1346(a)(1) after paying someone else's taxes in full to remove a tax lien from her property. *Williams*, 514 U.S. at 538-40. However, subsequent to the *Williams* decision, Congress enacted § 7426(a)(4), and recent cases have since noted that § 7426 is the exclusive avenue for third party actions. *See Wagner v. United States*, 545 F.3d 298, 303 (5th Cir. 2008); *First American Title Insurance Company v. United States*, 520 F.3d 1051, 1053 (9th Cir. 2008). Accordingly, Plaintiff's refund claim must also be dismissed.

New Orleans, Louisiana this 7th day of April, 2011.

_____
United States District Judge